

ORDERED in the Southern District of Florida on May 20, 2021.



Erik P. Kimball, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case Number: 20-22282-EPK |
| FRANK GABRIEL CAVALLINO, | Chapter 13 |
| Debtor. _____/ | |
| AIXO, LLC | |
| Plaintiff, | |
| vs. | Adversary Number: 21-01001-EPK |
| FRANK GABRIEL CAVALLINO | |
| Defendant. _____/ | |

**ORDER SETTING FILING AND DISCLOSURE**
**REQUIREMENTS FOR PRETRIAL AND TRIAL**

To expedite and facilitate the trial of this adversary proceeding, it is **ORDERED** as follows:

1. **ATTENDANCE AT PRETRIAL CONFERENCE**. Unless judgment has been entered or the Court advises the parties that the pretrial conference has been continued or canceled, counsel for all parties (or the parties themselves, if unrepresented) must appear at the pretrial conference.

2. **PRETRIAL CONFERENCE DATE AND TRIAL DATE**. The pretrial conference will be held at:

    **Date:** September 8, 2021

    **Time:** 9:30 a.m.

    **Location:** The hearing will take place only by video conference via Zoom for Government.  DO NOT GO TO THE COURTHOUSE.  Attorneys must advise their clients not to appear at the courthouse.  Although conducted by video conference, the hearing is a court proceeding.  The formalities of the courtroom must be observed.  All participants must dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court.  To participate in the hearing, you must register in advance no later than 3:00 p.m., one business day before the date of the hearing.  To register, click on or enter the following registration link in a browser:
    https://www.zoomgov.com/meeting/register/vJIsduGsrTouGn7Udkhqe_ZF90qPJ3uM95E.
    If a party is unable to register online, please call Dawn Leonard, Courtroom Deputy, at 561-514-4143.

At the pretrial conference, the Court will set the trial of this adversary proceeding.

3. **CONTINUANCES**. Continuances of the pretrial conference or trial or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order must set forth the status of discovery, including exchange of disclosures required under this order, must state the reasons why the party or parties seek a continuance, and must state whether the client and other parties consent to a continuance. The stipulation of all parties is not sufficient grounds, standing alone, for a continuance.

4. **DEADLINE FOR DISPOSITIVE MOTIONS**. The deadline for filing motions for judgment on the pleadings or motions for summary judgment is **ten days** before the pretrial conference. Absent good cause, failure to file and serve such a motion in a timely manner constitutes waiver of the right to do so. All dispositive motions, responses, and replies must comply with the page limits set forth in the Scheduling Order. Any motion for summary judgment must also comply with Local Rule 7056−1, if applicable.

5. **DISCLOSURES**. The disclosures required by Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A), Fed. R. Civ. P. must be made by the following deadlines:

   a. The initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., must be made not later than **14 days** after entry of this Order.

   b. The disclosures of expert testimony under Rule 26(a)(2), Fed. R. Civ. P., must be made (i) at least **60 days** before the pretrial conference or (ii) within **14 days** after an opposing party's disclosure of evidence that gives rise to the need for the expert, whichever is later. The party disclosing an expert witness must, within **14 days** of the disclosure, provide to each opposing party a written report prepared and signed by the witness as required by Rule 26(a)(2)(B), Fed. R. Civ. P.

   c. The pretrial disclosures under Rule 26(a)(3)(A), Fed. R. Civ. P., must be made no later than one business day before the pretrial conference.

   d. All disclosures under Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A), Fed. R. Civ. P., must be made in writing, signed, served, and, except for copies of exhibits and expert witness reports, be filed with the Court.

6. **SUMMARIES TO PROVE CONTENT**. If any party intends to offer in evidence at trial a summary, chart or calculation to prove content as permitted by Federal Rule of Evidence 1006, that party must provide to the other parties a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties, as soon as practicable but in no event later than **seven days** before the pretrial conference.

7. **DISCOVERY**. The parties must complete discovery not later than **14 days** before the pretrial conference, except that any previously scheduled depositions may be completed up to one business day before the pretrial conference. The Court will allow discovery after the pretrial conference only upon a showing of good cause.

8. **JOINT PRETRIAL STIPULATION WHERE ALL PARTIES REPRESENTED BY COUNSEL**. If <u>any</u> party is not represented by counsel in this proceeding as of the date of entry of this Order, this paragraph will not apply. All parties to this proceeding must meet (in person, if geographically feasible, and otherwise by video conference or by telephone) not later than **14 days** before the pretrial conference to confer on the preparation of a Joint Pretrial Stipulation in substantially the form of Local Form 63C. The plaintiff must file the fully executed Joint Pretrial Stipulation no later than **one business day** before the pretrial conference. The Court will not accept unilateral statements and will strike sua sponte any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, any other party may file a motion

requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt and sanctioned for failure to comply with this order.

9. **SUBMISSION AND EXCHANGE OF EXHIBITS**.

    a. **SUBMISSION AND EXCHANGE OF EXHIBITS**. All exhibits must be submitted and exchanged pursuant to the requirements of Local Rule 9070-1.

    b. **OBJECTIONS TO EXHIBITS**. Any objection to the admissibility of any proposed exhibit must be filed and served, so as to be received **no later than 4:00 p.m. two business days** before trial. Objections to any deposition transcripts, including a recording (audio or video) or summary thereof, must follow the procedure specified in this paragraph:

        (1) The objection must: (a) identify the exhibit, (b) state the grounds for the objection, and (c) provide citations to case law and other authority in support of the objection.
        (2) An objection not so made − except for one under Federal Rule of Evidence 402 or 403 − is waived unless excused by the Court for good cause.
        (3) All parties must comply with the requirements regarding exhibits set forth in Local Rule 9070-1.

10. **EXHIBITS TO BE USED DURING TRIAL.** The parties are strongly encouraged to use the Court's information technology equipment to show exhibits at trial. The parties are further encouraged to contact the courtroom deputy in advance of the trial for access to the equipment to ensure counsel can properly use the equipment at trial. Unless otherwise ordered, each party must bring at least one paper copy of its exhibit register for the Court's use, and at least two hard-copy books of all its exhibits, for witnesses and the Court.

11. **FINAL ARGUMENT**. At the conclusion of the trial, in lieu of final argument, the Court may request that each party file with the Court (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment. Each submission must contain individually numbered paragraphs and follow the formatting requirements set forth in Part Two of the Court's Guidelines for Preparing, Submitting, and Serving Orders. Each proposed finding of fact must be supported by a citation to the record, or it will be disregarded. Each proposed conclusion of law must be supported by a citation to applicable law, or it will be disregarded. Absent prior permission of the Court, submissions may not exceed a total of **twenty pages**. If specifically requested, the Court may *also* direct the parties to submit a copy of the proposed memorandum opinion with findings of fact and conclusions of law, along with a copy of the separate proposed final judgment, in word processing format to an electronic mailbox designated by the Court. The filer must include in the "subject" line of the email the case name and number and the date of the relevant hearing.

12. **FAILURE TO ATTEND PRETRIAL CONFERENCE; SANCTIONS**. Failure to comply with any provision of this order or failure to appear at the pretrial conference may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

13. **SERVICE**. Plaintiff('s)(s') counsel must serve a copy of this Order on the defendant(s) and file an appropriate certificate of service in accordance with Local Rule 5005-1(G)(2).

**# # #**